UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BASAVARAJ HOOLI,<br><br>            Plaintiff,<br><br>      v.<br><br>LARRY MITCHAM,<br><br>            Defendant. | Civil Action No. 24-00006 (BAH)<br><br>Judge Beryl A. Howell |

## MEMORANDUM OPINION AND ORDER

*Pro se* plaintiff Basavaraj Hooli initiated this action on January 2, 2024, seeking relief from Todd Combs, the President of GEICO Insurance Company, and Larry Mitcham, the City Administrator of the City of Zebulon, Georgia, for over $100 million in damages resulting from plaintiff's alleged fraudulent arrest and subsequent guilty plea, in Georgia, to driving-related charges several years ago. *See* Pro Se Compl. for a Civ. Case ("Pro Se Cover Sheet") at 4, ECF No. 1; Compl. at 3, ECF No. 1.  The instant case is at least the fifth time plaintiff has attempted to bring these claims against some combination of these same defendants in federal court in four different districts.  *See Hooli v. Mitcham et al.*, Case No. 1:21-cv-00702 (D. Del. May 17, 2021); *Hooli v. Combs et al.*, Case No. 8:23-cv-00131 (D. Md. Jan. 18, 2023); *Hooli v. Mitcham*, Case No. 3:23-cv-00110 (N.D. Ga. June 12, 2023); *Hooli v. Combs*, Case No. 3:23-cv-00111 (N.D. Ga. June 12, 2023).  Named defendant Todd Combs was dismissed from this lawsuit after plaintiff failed to effectuate proper service on Combs, Min. Order (Sept. 19, 2024), despite being given multiple opportunities and more than nine months to do so, *see* Min. Order (May 30, 2024). Defendant Larry Mitcham, who is the sole remaining defendant in this case, has moved to dismiss this lawsuit on multiple grounds, including lack of personal jurisdiction, improper venue, and failure to state a claim, under Federal Rules of Civil Procedure 12(b)(2), (3), and (6).  Def.

1

Mitcham's Mot. Dismiss ("Def.'s MTD"), ECF No. 17. He also requests that plaintiff "be declared a vexatious litigant" and seeks the issuance of a pre-filing injunction to prevent plaintiff from further litigating his claims. Def. Mitcham's Resp. to Pl.'s Resp. to September 6, 2024, Order ("Def.'s Injunction Request") at 2, ECF No. 40. For the reasons explained below, defendant's motion to dismiss is GRANTED, but his request to enjoin plaintiff from future litigation is DENIED, given binding precedent in the D.C. Circuit.

I.   BACKGROUND

The factual allegations and procedural history of this case are summarized below.

   A. Factual Background

The complaint is challenging to parse but appears to arise out of a traffic incident that occurred on March 23, 2021, in Zebulon, Georgia. Compl. at 3. Plaintiff alleges that he was driving in downtown Zebulon when he was pulled over by a Zebulon police officer, who asked plaintiff whether he had seen two cars speed past him at "59 miles per hour," to which plaintiff told him that he had. *Id.* At the officer's request, plaintiff turned over his Florida driver's license and GEICO insurance card. *Id.*

Plaintiff further alleges that "[a]fter 30 minutes," plaintiff was again approached by the same officer who had pulled him over and two additional police officers. *Id.* They advised plaintiff that his driver's license was suspended for failure to pay his insurance premium, and he was placed under arrest. *Id.* at 3–4. Despite protesting that his insurance premium had been paid, the officer told plaintiff that he "cannot talk" and "must obey," otherwise he would "be dealt with severely." *Id.* at 3. Plaintiff was then held in the Pike County, Georgia, jail for 48 hours. *Id.* at 4.

After being released from jail, plaintiff called the Florida DMV to find out why his driver's license was suspended. *Id.* After initially being told that his license was suspended, when plaintiff entered his insurance number, he was told that his driver's license was in fact valid. *Id.* According

to the complaint, Florida DMV employees were "shocked" that his license had been reported as suspended. *Id.* Plaintiff alleges that the police officer who pulled him over and arrested him "did not enter the insurance number," and that GEICO canceled his insurance and asked for the suspension of his license even though his payments were "current" at the time of the cancellation. *Id.*

Plaintiff attended traffic court in Pike County, Georgia, on May 3, 2021, where he alleges that all out-of-state drivers were ordered to pay a fine, but none of the residents of Pike County in attendance were similarly fined. *Id.* at 5. The traffic judge initially ordered plaintiff to plead guilty and pay a $166 fine or "[g]o to [p]rison for 30 [d]ays," and come back to traffic court when the arresting officer would attend. *Id.* Over protest, plaintiff paid the fine. *Id.* When he returned to court the next week, the arresting officer did not appear, and plaintiff's case was dismissed. *Id.*

Plaintiff alleges that both GEICO and the Zebulon police "worked to get" the Florida DMV to suspend his license to "[c]over" for the "[f]raud acts" of both GEICO and the Zebulon police. *Id.* at 6. The complaint seems further to allege that GEICO opened up fraudulent claims on plaintiff's insurance account, which resulted in plaintiff being unable to purchase auto insurance and thus being unable to drive. *Id.* at 6–7. Plaintiff claims that he now suffers from depression and anxiety, has been unable to find work because of his criminal record, and suffered damage to his reputation from the incident. *Id.* at 7–8.

### B. Procedural History

Plaintiff filed the instant case on January 2, 2024, naming Combs and Mitcham as defendants, Pro Se Cover Sheet at 2, and seeking "more than $100 [m]illion" in damages, Compl. at 7; *see also* Pro Se Cover Sheet at 4.[1] Two days later, he filed an "Affidavit of Service"

---

[1] Plaintiff filed a motion to proceed *in forma pauperis*, *see* Mot. for Leave to Proceed In Forma Pauperis, ECF No. 2, but since he paid the filing fee with his complaint, *see* ECF No. 1 (listing the receipt number for

purporting to have served both defendants, but the submitted document merely contained a picture of plaintiff emailing the complaint to both defendants. Aff. of Serv. ("First Aff. of Serv."), Jan. 4, 2024, ECF No. 4. On February 14, 2024, plaintiff filed an "Affidavit of Summons and Complaint Executed" as to defendant Mitcham, showing that the complaint had been mailed by certified mail and had been picked up at the Zebulon, GA, post office on February 13, 2024. *See* Return of Serv./Aff. ("Second Aff. of Serv."), Feb. 14, 2024, ECF No. 11.[2]

Defendant Mitcham subsequently filed the instant motion to dismiss, seeking to dismiss plaintiff's complaint on multiple grounds, Def.'s MTD, to which plaintiff has responded, Pl.'s Mem. in Opp'n to Def.'s Mot. Dismiss ("Pl.'s Opp'n"), ECF No. 19; Pl.'s Suppl. Mem. ("Pl.'s Suppl. Opp'n"), ECF No. 20; Pl.'s Surreply, ECF No. 23.[3] Defendant Mitcham has additionally requested that plaintiff "be declared a vexatious litigant and barred from continuing to litigate his claims" by entrance of a pre-filing injunction. Def.'s Injunction Request at 2. The Court informed plaintiff of this request and directed him, if he wished to respond, to do so by October 11, 2024, Min. Order (Sept. 19, 2024), which deadline was extended, at plaintiff's request, to November 8, 2024, Min. Order (Oct. 16, 2024); Pl.'s Mot. for Extension of Time, ECF No. 44. As this deadline

---

plaintiff's filing fee), this motion was denied as moot, *see* Min. Order (Jan. 11, 2024). Plaintiff's two motions for counsel to be appointed, *see* Pl.'s Mots. to Appoint Counsel, ECF Nos. 5, 12, have been denied, since "[n]o civil litigant is guaranteed counsel," Min. Order (Jan. 11, 2024) (quoting *Gaviria v. Reynolds*, 476 F.3d 940, 943 (D.C. Cir. 2007) (citation and internal quotation omitted)); Min. Order (Feb. 20, 2024) (same).

[2]     Plaintiff again filed an Affidavit of Service on February 15, 2024, containing an attachment showing (1) an email sent by plaintiff to both defendants with the complaint, and (2) a USPS receipt with tracking numbers for five pieces of Priority Mail. Aff. of Serv. ("Third Aff. of Serv."), Feb. 15, 2024, ECF No. 13. No proof that any of the mailings were delivered has been provided, and a review of the tracking numbers provided showed the mailing to defendant Combs was never delivered. *See id.* On May 30, 2024, plaintiff was ordered to show cause why his claims against defendant Combs should not be dismissed for failure to timely effectuate service, Min. Order (May 30, 2024), and defendant Combs was dismissed from this case more than three months later when plaintiff still had not effectuated proper service, Min. Order, (Sept. 19, 2024).

[3]     Plaintiff was advised about defendants' pending motion to dismiss and the potential consequences of failing to respond to the motion, *see* Order, Aug. 22, 2024, ECF No. 36, as required by *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988).

has now passed with no response from plaintiff, both defendant Mitcham's motion to dismiss and request for a pre-filing injunction against plaintiff are ripe for consideration.

## II.   DISCUSSION

Plaintiff's claims are fatally flawed requiring dismissal under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6).

### A.   The Court Lacks Personal Jurisdiction Over the Defendant

First, the Court has no personal jurisdiction over defendant Mitcham.  The federal courts "are courts of limited jurisdiction" and cannot hear cases without, among other things, personal jurisdiction over the parties.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Jankovic v. Int'l Crisis Grp.*, 494 F.3d 1080, 1086 (D.C. Cir. 2007) ("Personal jurisdiction is 'an essential element of the jurisdiction of a district . . . court,' without which the court is 'powerless to proceed to an adjudication.'" (omission in original) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999))).  To survive a motion to dismiss for lack of personal jurisdiction, under Federal Rule of Civil Procedure 12(b)(2), the plaintiff must "make a *prima facie* showing of the pertinent jurisdictional facts."  *Livnat v. Palestinian Auth.*, 851 F.3d 45, 56–57 (D.C. Cir. 2017) (quoting *First Chi. Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988)), which requires the plaintiff to make specific factual allegations linking each defendant to the forum state, *First Chi. Int'l*, 836 F.2d at 1378.

Personal jurisdiction may be established in two ways: through general personal jurisdiction or specific personal jurisdiction.  For general jurisdiction, the plaintiff must establish "explicit consent, presence within the forum at the time suit commences through service of process, citizenship or domicile, or other examples where the circumstances or [the defendant's] course of conduct revealed 'an intention to benefit from' and thus 'submit to the laws of the forum State.'"  *Williams v. Romarm, SA*, 756 F.3d 777, 783 n.3 (D.C. Cir. 2014) (citing *J. McIntyre Mach., Ltd.*

5

*V. Nicastro*, 564 U.S. 873, 881 (2011) (plurality opinion)). None of these conditions exist in this case. Defendant has not consented to jurisdiction, as his dismissal motion contesting jurisdiction makes clear. *See* Def.'s MTD at 3–5. Nor was defendant present in the District of Columbia when he was served. *See* Second Aff. of Serv. at 2 (showing that plaintiff's service to defendant was mailed to Zebulon, Georgia, and picked up from the post office there). Furthermore, the complaint recognizes that defendant is based in "Zebulon, Pike County" "Georgia, 30295" and does not allege that defendant has citizenship or domicile in the District of Columbia. Pro Se Cover Sheet at 2. Finally, plaintiff has alleged no facts that would establish defendant's intent to "benefit from" or "submit to" the laws of the District of Columbia. *See generally* Compl. Therefore, no general personal jurisdiction exists in this case.

To establish specific personal jurisdiction over a defendant, a plaintiff must make two showings: (1) that jurisdiction is established under the forum state's "long-arm statute," and (2) if such jurisdiction exists, that it "satisfies the constitutional requirements of due process." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000) (citing *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995)). Plaintiff in this case has failed to establish either requirement for specific personal jurisdiction.

Plaintiff first argues that personal jurisdiction exists over the "city of Zebulon" pursuant to D.C. Code § 13-334. Pl.'s Suppl. Mem. re Compl. at 1, ECF No. 8. This is both nonsensical and irrelevant since plaintiff has the burden of establishing personal jurisdiction over defendant Mitcham personally. Moreover, the cited D.C. Code § 13-334 is not the District of Columbia's long-arm statute, but rather a statute that establishes how service of process may be executed on foreign corporations—and defendant Mitcham is an individual. D.C. Code § 13-334; *see also* Def.'s MTD at 5 (citing D.C. Code § 13-334). In any event, the District of Columbia's long-arm

6

statute, D.C. Code § 13-423, provides no basis for the exercise of jurisdiction over defendant Mitcham in this case. The claims in this case do not arise from this defendant transacting any business in the District of Columbia, D.C. Code § 13-423(a)(1); contracting to supply any services in D.C., *id.* § 13-423(a)(2); or causing a tortious injury in D.C., *id.* § 13-423(a)(3), or outside of D.C. while regularly doing business in or engaging in other conduct in D.C., *id.* § 13-423(a)(4). Nor do the claims involve real property in D.C., *id.* § 13-423(a)(5); surety contracts involving D.C., *id.* § 13-423(a)(6); or a "marital or parent and child relationship" in D.C., *id.* § 13-423(a)(7).

Furthermore, exercising jurisdiction in this case would not pass constitutional muster. Under the Constitution, a plaintiff must show that the exercise of jurisdiction in a case "is within the permissible bounds of the Due Process Clause." *GTE New Media Servs.*, 199 F.3d at 1347. For specific personal jurisdiction, courts have interpreted this standard to require that the dispute in the matter in front of the court "arise[s] out of or [is] connected with [defendant's] activities within the state," *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945), and further that the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws," *Nicastro*, 564 U.S. at 881 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). In other words, specific jurisdiction may be justified where defendant has sufficient "contact with and activity directed at" the forum state, *id.*, even if they are not domiciled there, if the suit is "arising out of or related to the defendant's contacts with the forum," *id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)).

Here, plaintiff has failed to allege defendant Mitcham had any contacts with the District of Columbia in relation to plaintiff's arrest and the subsequent events alleged in his Complaint. *See generally* Compl. Plaintiff was arrested and interacted with the police in Zebulon, Georgia. *Id.* at

7

3–4. He spent time in the Pike County Jail in Georgia. *Id.* at 4. After his release from jail, he interacted with the Florida DMV from Georgia. *Id.* He attended traffic court in Georgia. *Id.* Nowhere does the Complaint allege that defendant Mitcham had any contact with the District of Columbia in relation to any of these events. *See generally* Compl. In fact, plaintiff's complaint does not allege that defendant Mitcham has any connection to the District of Columbia at all. *Id.* Even accepting all of plaintiff's allegations as true, therefore, there is no basis to find that this Court has personal jurisdiction over defendant Mitcham in this case.

### B. Venue is Not Proper in the District of Columbia

The general federal venue statute establishes three categories under which venue is proper in a civil action in federal court. *See* 28 U.S.C. § 1391(b). First, such a suit may be filed in any "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." *Id.* § 1391(b)(1). Second, venue is proper in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." *Id.* § 1391(b)(2). Finally, if neither previous category establishes at least one proper venue for the suit, it may be filed in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *Id.* § 1391(b)(3). In this case, the District of Columbia is not the proper venue under any of these statutory provisions.

Plaintiff has failed to allege that defendant Mitcham—the only defendant remaining in this case—resides in the District of Columbia. *See generally* Compl. To the contrary, as already discussed, *see supra*, Part II.A., plaintiff's complaint recognizes that defendant is based in "Zebulon, Pike County" "Georgia, 30295," Pro Se Cover Sheet at 2, and does not allege that defendant resides in the District of Columbia, *see generally* Compl. Furthermore, plaintiff does not allege that any of the events, omissions, or property related to his claims in this case, 28 U.S.C.

8

§ 1391(b)(2), took place in the District of Columbia, let alone "a substantial part" of them, *id.* Finally, because a substantial part of the events alleged in the complaint took place in Zebulon, Georgia, the Northern District of Georgia would be a proper venue for this civil action. *See Court Info*, United States District Court Northern District of Georgia, https://www.gand.uscourts.gov/court-info (last visited Nov. 20, 2024) (listing Pike County, in which Zebulon is located, *see* Pro Se Cover Sheet at 2, as part of the Newnan Division of the Northern District of Georgia). Given that there is at least one district where venue is proper, the third category is not relevant to this case. Even under this provision, however, because defendant Mitcham is not subject to personal jurisdiction in the District of Columbia in this case, *see supra*, Part II.A., venue would not be proper either.

### C. Dismissal, Rather than Transfer, is Proper in this Case

When a case is filed in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer" the case to "any district . . . in which [the case] could have been brought." 28 U.S.C. § 1406(a). This section has been interpreted broadly to allow a district court to transfer a case even when personal jurisdiction is lacking over a defendant. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of [Section] 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not."). Furthermore, when a federal court finds that personal jurisdiction is lacking, instead of dismissing the case the court "shall, if it is in the interest of justice, transfer" the action to another court with proper jurisdiction. 28 U.S.C. § 1631. Determining whether transferring a case is in the interest of justice is "committed to the sound discretion of the district court." *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 64 (D.D.C. 2011) (citing *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983)). In exercising this discretion, courts may take a "peek at the merits" of the case

9

to evaluate whether dismissal is more appropriate because the claims have "obvious substantive problems." *Laukus v. United States*, 691 F. Supp. 2d 119, 127 (D.D.C. 2010) (quoting *Phillips v. Seiter,* 173 F.3d 609, 610–11 (7th Cir. 1999)). Here, dismissal is proper both because plaintiff fails to state a claim against defendant Mitcham and any claim supported by the allegations are statutorily barred, as explained below.

### 1. Plaintiff's Complaint Fails to State a Claim.

First, the Complaint fails to state a claim upon which relief against defendant Mitcham could be granted. For a complaint to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *VoteVets Action Fund v. U.S. Dep't of Veterans Affs.*, 992 F.3d 1097, 1104 (D.C. Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A facially plausible claim pleads facts that are not "'merely consistent with' a defendant's liability" but that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007)); *see also Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012). Here, as defendant Mitcham points out, the complaint does not identify any action taken by this defendant specifically, Def.'s MTD at 9, and none of plaintiff's substantive allegations even mention this defendant, *id.* at 3. At various points, the complaint discusses actions taken by the Zebulon police officer who arrested plaintiff, *see* Compl. at 1, 8 ("Police Officer committed a[] crime . . ."); the Zebulon police in general, *id.* at 6; various judges, *see id.* at 1–2, 5; GEICO Insurance, *id.* at 4, 6–7; GEICO's lawyer specifically, *id.* at 4; the City of Zebulon, *id.* at 6; and the Zebulon Police Department, *id.* The complaint never alleges that defendant Mitcham took any action in this case, *see generally id.*, much less one that would support any legal claim against him related to the incidents alleged by plaintiff. In fact, the complaint, by its own terms, seeks judgment against

GEICO and the "City of Zebulon," *id.* at 7, not defendant Mitcham personally. As defendant Mitcham persuasively argues, "[e]ven if [p]laintiff's rights were violated" in this case, the complaint does not allege that defendant Mitcham was in any way connected to those alleged violations. Def.'s MTD at 9. Therefore, plaintiff's complaint fails to state a claim upon which relief could be granted against defendant Mitcham.

### 2. Plaintiff's Claims Have Been Found Barred by the Statute of Limitations.

Even if plaintiff properly raised a claim against defendant Mitcham or were allowed to amend his complaint to add new defendants, as he has sought to do, Pl.'s Mot. for Leave to File Amended Compl. ("Pl.'s Mot. Amend Compl."), ECF No. 57; *see also* Amended Compl., ECF No. 54 (stricken for failure to comply with Federal Rule of Civil Procedure 15(a)(1)); Min. Order (Nov. 8, 2024) (striking plaintiff's Amended Complaint), transferring this case would not be in the interests of justice because a district court in the proper venue—the Northern District of Georgia—has already reviewed plaintiff's claims against defendant Mitcham and found them to be barred by the applicable statute of limitations, *see Hooli v. Mitcham*, No. 3:23-cv-110-TCB, 2023 U.S. Dist. LEXIS 127469, at *2–3 (N.D. Ga. July 11, 2023) (describing the same facts presented in this case and finding that "the applicable two-year statute of limitations" on plaintiff's claims "has already run"). Though acknowledging this decision, plaintiff argues that the district court in that case "ignored the COVID19 extension of" statutes of limitation in Georgia. Compl. at 2. While the State of Georgia did temporarily toll its statutes of limitation for 122 days, between March 14 and July 12, 2020, in response to the COVID-19 pandemic, *see* Supreme Court of Georgia, Fourth Order Extending Declaration of Statewide Judicial Emergency 3–5 (July 10, 2020) [hereinafter Ga. Tolling Order], plaintiff's arrest occurred on March 23, 2021, Compl. at 8, after the lapse of the tolling period. As the district court in Georgia found, plaintiff's claim "accrued either on March 26 or May 3, 2021," *Hooli*, 2023 U.S. Dist. LEXIS 127469, at *3, the dates on which plaintiff was

11

released from the Pike County Jail and attended Pike County Traffic Court, respectively, Compl. at 4–5, and both dates are more than eight months *after* Georgia's temporary tolling of its statutes of limitation ended, *see* Ga. Tolling Order at 3–5 (reimposing deadlines on litigants effective July 14, 2020), meaning that plaintiff's claims would not have been tolled by this order.[4]

Importantly, the Complaint in the instant case was filed on January 2, 2024. *See* Compl. Even if the 122-day tolling period were applied to plaintiff's claims, this case would still be barred, as plaintiff filed the Complaint more than two years and 122 days after either date on which the court in the Northern District of Georgia found his claim could have accrued. Therefore, because a court in the proper venue has already determined that plaintiff's claims are barred by the applicable statute of limitations and thus frivolous, this case should be dismissed, rather than transferred.[5]

### D.  The Court Will Not Enter a Pre-Filing Injunction Against Plaintiff

In addition to dismissal of this case, defendant Mitcham also argues that plaintiff "should be declared a vexatious litigant and barred from continuing to litigate his claims" by entrance of a pre-filing injunction. Def.'s Injunction Request at 2. While this request is short on details concerning the scope, given the context of this case, where plaintiff has attempted to litigate his claims in different district courts, defendant's request is best understood as requesting an injunction to prevent further litigation in this District or other federal courts without first obtaining leave of this Court. *See, e.g.*, *In re Powell*, 851 F.2d 427, 430 (D.C. Cir. 1988) (discussing such

---

[4]   Even if plaintiff believes the statute of limitations applicable to his claim should have been tolled, that issue was one plaintiff should have raised in the Northern District of Georgia and on appeal in that case, not litigate before this Court, which has no power to affect the outcome in plaintiff's previous case.

[5]   Plaintiff's efforts to amend his complaint, Pl.'s Mot. Amend Compl.; Amended Compl., ECF No. 54 (stricken for failure to comply with Federal Rule of Civil Procedure 15(a)(1)), to add new defendants to the same claims on the same factual allegations, fail for the same reason. Accordingly, plaintiff's motion to amend his complaint, ECF No. 57, is DENIED as futile due to being barred by the applicable statute of limitations.

an injunction); *Klayman v. Porter*, 104 F.4th 298, 305–07 (D.C. Cir. 2024) (same).  In support of this request, defendant contends that plaintiff's case "involves the same claims" previously dismissed by federal courts in three states and that two previous courts have already found these claims to be "frivolous," citing two cases from this District to suggest that these facts are sufficient for an injunction to be issued.  Def.'s Injunction Request at 2 (citing *Stankevich v. Kaplan*, 156 F. Supp. 3d 86, 98 (D.D.C. 2016), *aff'd* 707 F. App'x 717 (D.C. Cir. 2017); *McLaughlin v. Bradlee*, 602 F. Supp. 1412, 1419–20 (D.D.C. 1985)).  Defendant's argument, however, fails to address the D.C. Circuit's 2024 decision in *Klayman*, which set a "very high threshold" for issuing such a "nationwide restriction on a litigant's constitutional right of access to the courts," 104 F.4th at 305.  Under *Klayman*, a district court may only enter an injunction restricting a litigant's ability to access the federal courts if the "'frivolous or harassing nature' of a litigant's actions threatens the 'administration of justice' or the 'integrity of the courts,'" *id.* at 306 (quoting *In re Powell*, 851 F.2d at 430–31).  Such a remedy may only be granted in "exigent circumstances."  *Id.* (quoting *In re Powell*, 851 F.2d at 431).

Defendant has failed to explain how plaintiff's actions, vexatious though they may be, meet this demanding standard.  Under the language of *Klayman*, a finding that a plaintiff brings frivolous or harassing cases is not enough, and instead the plaintiff's filings must also "threaten the courts' ability to manage their dockets or disproportionately burden the courts' ability to operate efficiently and fairly."  *Id.* at 307 (citation omitted).  As the Circuit observed in *Klayman*, "[s]ix lawsuits will rarely, if ever," meet this standard, "without more" proof of some extraordinary burden on the court system.  *Id.*  Defendant has failed to show that such an extraordinary burden exists in this case, relying simply on the frivolity of plaintiff's claims and the fact that plaintiff's

claims have already been dismissed three times. *See* Def.'s Injunction Request at 2. This evidence is insufficient to limit plaintiff's access to federal courts under *Klayman*.[6]

### III.  CONCLUSION AND ORDER

Taking the alleged facts in plaintiff's complaint as true, plaintiff's claims must be dismissed under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6). Furthermore, defendant's request for a pre-filing injunction to bar plaintiff from further litigating his claims must be denied. Accordingly, it is hereby—

**ORDERED** that defendant Larry Mitcham's Motion to Dismiss, ECF No. 17, is **GRANTED**; it is further

**ORDERED** that defendant Larry Mitcham's request that plaintiff "be declared a vexatious litigant," and a pre-filing injunction be issued to prevent plaintiff from further litigating his claims, Def. Mitcham's Resp. to Pl.'s Resp. to September 6, 2024, Order at 2, ECF No. 40, is **DENIED**; it is further

**ORDERED** that plaintiff's Motion to Amend Complaint, ECF No. 57, is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

Date:  November 20, 2024

*This is a final and appealable order.*

                                                                    **BERYL A. HOWELL**
                                                                    United States District Judge

---

[6]      In *Klayman*, the D.C. Circuit addressed a pre-filing injunction that barred litigation "nationwide," 104 F.4th at 305, leaving unclear whether *Klayman*'s "very high threshold," *id.*, would apply to a pre-filing injunction request that is narrower in scope by being limited only to the specific district court issuing the pre-filing injunction.